O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO BRAVO, SR.,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>　　　　　Defendant. | CASE NO. SA CV 12-00014 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

　　　　Although Plaintiff raises a number of issues, the Court finds most of them unpersuasive. However, one issue does require further examination, and thus the Court reverses the decision of the Social Security Commissioner to deny Plaintiff's application for disability benefits.

　　　　Suffering from diabetic retinopathy, Plaintiff asserts that he met Listing 2.02. However, that listing requires 20/200 vision or less in the better eye after correction. 20 C.F.R. Part 404, Subpart P, App. 1 at §2.02. While the record indicates that, at one point, Plaintiff had 20/200 in one eye and 20/300 in the other [AR 490], that was a measure of Plaintiff's vision without glasses [AR 491]. There is no evidence that Plaintiff satisfied the conditions of the listing while wearing glasses. [AR 500] All conditions of a listing, of course, must be satisfied in order for the listing to apply. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Plaintiff also asserts that it was error for the Administrative Law Judge to credit some of the eye doctor's assessments, but not all of them. This contention has no merit. An administrative law judge is not required to accept equally all portions of a witness' testimony. *Russell v. Bowen*, 856 F.2d 81 (9th Cir. 1988) (citing *Vincent v. Heckler*, 739 F.2d 1393 (9th Cir. 1984)). The eye doctor's assessments that the Administrative Law Judge did *not* credit were those unrelated to his specialty of being an eye doctor. They had to do with weight and other limitations, and the doctor specifically noted that Plaintiff had no exertional or postural limitations related to his eye problems. [AR 501] At best, the eye doctor's notations as to Plaintiff's capacity to lift were internally inconsistent but, since this was as to a matter outside his specialty, the Administrative Law Judge was within his authority in focusing instead on the matters related to his area of specialty. *Holohan v. Massanari*, 246 F.3d 1195, 1202 n.2 (9th Cir. 2001).

Plaintiff also asserts that the Administrative Law Judge erred by not accepting the functional limitations suggested by one of Plaintiff's treating physicians, Dr. Meka. In responding to a questionnaire, Dr. Meka suggested two-hour limitations on sitting, standing or walking, as well as other limitations involving leg-raising and posture. The law on treating physicians is settled. Although the treating physician's opinion is given deference, the Administrative Law Judge may reject the opinion of a treating physician in favor of a conflicting opinion of an examining physician if the Administrative Law Judge makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

The Administrative Law Judge noted that the rather extreme limitations suggested by Dr. Meka (in 2009) were not consistent with May 2010 x-rays, that showed only mild disk space narrowing and other minimal deteriorations in the lumbar region. [AR 32, citing AR 498] In addition, the Administrative Law Judge found the opinion inconsistent with the findings and opinion of another doctor, Dr. Sedgh, and this too was

a proper basis for deciding not to adopt the extreme limitations of Dr. Meka. [AR 32] *See Morgan v. Apfel*, 169 F.3d 595, 602-03 (9th Cir. 1999).

Plaintiff also asserts that the Administrative Law Judge erred in not finding a severe impairment related to his back. The severity step is a *de minimis* screening device, screening out invalid claims. *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987). An administrative law judge's determination that an impairment is not severe must be affirmed if it is backed by substantial evidence. *Smolen v. Chater,* 80 F.3d 1273, 1289-90 (9th Cir. 1996). Plaintiff's assertion that "[b]eing post surgical concerning the lumbar spine is a severe impairment at step-two" (Plaintiff's Memorandum in Support of Complaint 4:15-16) is incorrect; having surgery does not itself mean that a claimant has a severe impairment.

Nor does *Webb v. Barnhart*, 433 F.3d 683 (9th Cir. 2005), help Plaintiff's case. In *Webb*, the Court reversed a finding that there was no severe impairment whatsoever, or no combination of impairments, despite evidence that Plaintiff had several medical impairments which, in combination, imposed more than a minimal impact on his ability to function. Here, the Administrative Law Judge did find a severe impact, and went on with the five-step analysis.

The problem is that, subsequent to the administrative hearing, Plaintiff submitted new evidence, and the Appeals Council accepted the evidence. [AR 2] This means that the record that the Court must review is the record as augmented by the new evidence that the Administrative Law Judge did not have the opportunity to review. *Brewes v. Commissioner of Social Security*, 632 F.3d 1157, 1161-63 (9th Cir. 2012). That new evidence was a radiologist's report of an MRI of Plaintiff's spine dated September 8, 2010. [AR 509] It may well be that, as an MRI, it was able to reveal more than the x-ray of May 21, 2010 [AR 498] upon which the Administrative Law Judge relied. [AR 32] It also may well be that it would have an impact on whether the Administrative Law Judge would consider Plaintiff to have a severe spinal impairment or, even if not, if the spinal condition, in combination with Plaintiff's diabetic retinopathy, would affect Plaintiff's remaining capacity to function. Neither this Court nor the Administrative Law Judge can

1 evaluate the impact of the MRI report, standing by itself. That will require a medical
2 interpretation. *Day v. Weinberger*, 522 F.2d 1154, *1156 (9th Cir. 1975). How that
3 interpretation is received, whether from the doctor who prepared the report or from a
4 medical advisor, is up to the Commissioner. On the current record, however, there is no
5 basis for saying that the new assessment would not have affected the outcome of this case.

6 Accordingly, the decision is reversed. The matter is remanded to the
7 Commissioner, who shall take steps to re-evaluate the new evidence, together with the
8 existing record.

10 DATED: July 30, 2012

12 _____
13 RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE